UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COR CLEARlNG, LLC, a Delaware limited liability company, | ) Case No. 2:15-cv-8980 <br> ) <br> ) |
| Applicant, | ) |
| vs. | ) |
| E-TRADE CLEARlNG LLC, | ) |
| Respondent. | ) |

**RESPONDENT'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO COMPEL**

Respondent E-Trade Clearing LLC ("E-Trade"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Applicant COR Clearing, LLC's ("COR Clearing") motion to compel.

### I.   PRELIMINARY STATEMENT

COR Clearing is presently suing Calissio Resources Group, Inc. ("Calissio"), Adam Carter ("Carter"), Signature Stock Transfer, Inc. ("Signature"), and between one and fifty Does in the United States District Court for the District of Nebraska (collectively, "Calissio Defendants"). (Motion at 1). E-Trade is not a party to this case.

COR Clearing served E-Trade with a subpoena pursuant to Fed. R. Civ. P. 45 on December 8, 2015 and served this motion to compel on January 5, 2016. The parties have since attempted to negotiate the scope of the subpoena and may be able to come to an agreement regarding some, much narrower, portion of the non-confidential information.

This motion to compel, however, should be denied. COR Clearing's subpoena, particularly to the extent that it seeks confidential and personally identifying customer information protected by Securities and Exchange Commission Regulation S-P ("Regulation S-P"), is overbroad, unduly burdensome, and requires disclosure of privileged or other protected matter. *See* Fed. R. Civ. P. 45(d)(3)(A) and 26(b); *Chazanow v. Sussex Bank*, 2014 WL 2965697 at *2 (D.N.J. 2014).

## II.     ARGUMENT AND AUTHORITIES

COR Clearing contends that E-Trade has waived its objections by raising them outside the subpoena's ten day return period. The federal courts recognize an exception to this rule where: "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (internal quotation and citation omitted); *see also*, *e.g.*, *Pinchuk v. Chemstar Products LLC*, 2014 WL 2990416, at fn. 1 (D. Del. June 26, 2014); *Alexander v. F.B.I.*, 186 F.R.D. 21, 35 (D.D.C. 1998); *Premier Election Sols., Inc. v. Systest Labs Inc.*, 2009 WL 3075597 at *5 (D. Colo. 2009).

*Concord Boat* is instructive. In that case, plaintiffs, companies in the recreational marine industry, filed an antitrust action against Brunswick Corporation. During the litigation, plaintiffs served a Rule 45 subpoena on non-party Merrill Lynch seeking "all documents" related to Brunswick, a Merrill Lynch investment banking client. Merrill Lynch failed to serve its written objections by the return date. The court nevertheless allowed the objections and quashed the subpoena on the grounds that Merrill Lynch was a

2

non-party acting in good faith, Merrill Lynch's counsel had been in contact with plaintiffs' counsel concerning compliance prior to filing a motion to quash, and the subpoena, by requiring production of "all documents" related to Brunswick and not specifically those relevant to the underlying antitrust litigation, was "clearly overbroad on its face." *Id*. at 52.

E-Trade is not a party to the underlying litigation between COR Clearing and the Calissio Defendants, nor is it likely to become one.  At most, E-Trade was a conduit between various buyers and sellers of Calissio stock and clearing firms.  It has no stake in the litigation and no strategic incentive to delay its response to COR Clearing's subpoena.  It has acted entirely in good faith and over the past several weeks sought to negotiate a compromise for the production of at least some of the documents COR Clearing is seeking.  COR Clearing is fully apprised of E-Trade's objections to the requests for confidential customer information.

As a non-party, E-Trade "is afforded greater protection from discovery than a normal party." *Chazanow*, 2014 WL at *3 (D.N.J. 2014).  E-Trade, like Merrill Lynch, "is not an unsophisticated litigant, and…has access to the resources necessary to handle complex litigations."  However, like Merrill Lynch, E-Trade "is not a party to the complex litigation underlying the instant motion, it has no interest in the outcome of that litigation" and thus "should not be subject to the same burden of production that a party to the underlying litigation is subject." *Id.*

This District has been especially protective of non-parties with respect to the kind of overbreadth evident on the face of COR Clearing's subpoena. *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) ("Initially, it should be noted that the standards for nonparty

3

discovery require a stronger showing of relevance than for simple party discovery."). In its brief, COR Clearing claims it is "aware of facts indicating that E-Trade's accounts were credited with due bill payments" and that "those funds ultimately went to E-Trade's customers." (Motion at 4). It is for this reason, COR Clearing argues, that the Court should compel E-Trade to comply with the subpoena: "E-Trade has relevant information related to its customers' purchase of the Calissio shares and the improper payments of due bills to those shareholders including, but not limited to, the identity of those customers and amounts credited," (*Id.* at 4-5); "Because E-Trade was credited with improper due bill payments, E-Trade is in possession of information highly relevant to COR Clearing's lawsuit and claims," (*Id.* at 5); "Relevant here, the error resulted in credits made to E-Trade's accounts," (*Id.* at 4); "Because some of those due bills were paid to E-Trade (and, upon information and belief, credited to E-Trade's customers), E-Trade is in possession of information highly relevant and material to COR Clearing's lawsuit," (*Id.* at 2).

COR Clearing correctly characterizes its letters to E-Trade, sent October 20 and November 12 of 2015, the same way: "COR Clearing sent a letter to E-Trade…explaining that COR Clearing believes E-Trade's customers might have been credited with improper bill payments," (*Id.* at 5); "COR Clearing sent another letter to E-Trade explaining that E-Trade's customers received the improper due bill payments (and thus are holding money belonging to COR Clearing)," (*Id.*).

This is perfectly in line with the allegations of COR Clearing's Complaint against the Calissio Defendants. It is not, however, in line with COR Clearing's subpoena, which demands, among other things:

> 5. All documents constituting or relating to any communications between You and any person,

individual, introducing firm, broker, dealer, regulatory agency, or entity, including, without limitation, DTCC and FINRA, concerning any of the following:

a. Calissio;
b. Stock issued by Calissio;
c. Any dividend, actual or prospective, related to Calissio;
d. Any payment in respect of due bills, actual or prospective, related to Calissio;
e. Signature;
f. Carter;
g. Any transfers, payments, debits, or credits related to Calissio, stock issued by Calissio, or any due bills related to Calissio;
h. COR Clearing;
i. Alpine;
j. The Lawsuit.

8. All documents, including communications, concerning any of the following:

a. Calissio;
b. Stock issued by Calissio;
c. Any dividend, actual or prospective, related to Calissio;
d. Any payment in respect of due bills, actual or prospective, related to Calissio;
e. Signature;
f. Carter;
g. Any transfers, payments, debits, or credits related to Calissio, stock issued by Calissio, or any due bills related to Calissio;
h. COR Clearing;
i. Alpine;
j. The Lawsuit.

(Subpoena, Section 2, ¶¶ 5 and 8). Some of this is confidential customer information subject to Regulation S-P; some of this, particularly communications with regulators, is self-evidently irrelevant to the underlying litigation; some of this is obviously privileged. The more general problem, however, is that the subpoena is "overbroad on its face."

In *Concord Boat Corp.*, 169 F.R.D. at 50 (S.D.N.Y. 1996), the court found that a subpoena was "overbroad on its face" because "plaintiffs' requests for documents effectively encompass documents relating to every transaction undertaken by Merrill for Brunswick during the last ten years that Merrill has served as Brunswick's principal investment banker and financial advisor." Assessing a request seeking "[a]ll documents relating to any meeting(s) in which you and Brunswick were present," the court reasoned that "[b]y its plain terms, this request does not distinguish between documents from meetings regarding Brunswick's recreational watercraft business and those that concern Brunswick's retirement plans, its camping business, or its bowling and entertainment centers abroad." Similar requests for "any communication(s)," "all documents relating to" Brunswick's financial condition or potential mergers and acquisitions, and "[a]ll documents submitted or given by you to one of three different law firms" were described variously as "vague," "overbroad and unreasonable," and lacking "specificity or focus." *Id.* at 50-51.

The theme running through *Concord Boat*, apart from recurrence of the phrases "all documents" and "all communications," is that "these requests do not limit their scope to documents relating to either Brunswick in general, or to specific Brunswick recreational marine businesses or transactions."

Request No. 8 alone would require E-Trade to produce *all* documents concerning four corporations,[1] an individual, and an untold number of transactions, including debits as

---

[1] It is worse than that. The subpoena defines Calissio, Alpine, and Signature in such a way that E-Trade must ascertain the identities of and produce the same documents related to "predecessors-in-interest, all past and present domestic or foreign parent, sister, affiliate, subsidiary, partnership, joint venture, predecessor-in-interest, successor-in-interest, division, department, corporate subunit, or other business entity; and any and all past and present officers, directors, agents, employees, consultants, attorneys, and other persons or entities acting or purporting to act on behalf of any of the foregoing…" (Subpoena at Section 1, ¶¶ 3-4, 7).

well as credits, share transfers, stock issues, and dividends, with no limitation on time or subject matter. Request No. 6 would require E-Trade to produce *all* communications, with any individual, entity, or regulator, and all internal communications concerning four corporations, an individual, and an untold number of transactions with, again, no limitation on time or subject matter.

These are precisely the requests the court in *Concord Boat* found facially overbroad. To comply with the subpoena, E-Trade must produce information dating back years prior to the events at issue in the underlying litigation, on subjects and transactions that cannot possibly have anything to do with the very narrow time frame and subject matter of the underlying litigation. This "fishing expedition will reel in material with little apparent or likely relevance to the subject matter at hand" and "comports with neither the letter nor the spirit of the federal civil discovery rules." *Id.* at 51. *See, e.g.*, *Schoolcraft v. City of New York*, 2012 WL 2161596 at *13 (S.D.N.Y. 2012) ("A subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where the person or entity on whom the demand is made is not a party to the action.") (internal quotation and citation omitted).

While Requests No. 5 and 8 are the most striking, the remainder of COR Clearing's subpoena suffers from the same defect:

Request No. 6 demands "[a]ll documents," including confidential and privileged internal communications and confidential customer communications, concerning E-Trade's alleged "decision to hold dividend allocations purportedly paid by Calissio." Request No. 7 demands "[a]ll documents," including confidential and privileged internal

7

communications and confidential customer communications, concerning E-Trade's alleged "decision to release the hold on dividend allocations purportedly paid by Calissio." Neither could possibly be relevant to "credits made to E-Trade's accounts."

Request No. 2 demands documents sufficient to show the date and amount of all Calissio shares "sold or transferred" between and including June 30, 2015 and August 19, 2015. Request No. 4 demands documents sufficient to show the date and amount of any "monetary transfer, payment, debit or credit" to or from any of E-Trade's customers, whether buying or selling. These requests makes no distinction between the information COR Clearing asserts in its brief is the target of the subpoena—credits to E-Trade customers—and all information concerning Calissio shares, including what must be the vast majority of transactions over the years that could not possibly be relevant to the allegedly improper dividend credits.

The overbreadth of COR Clearing's subpoena is particularly onerous given that it is seeking personally identifying customer information that is protected by both E-Trade's privacy policies and Regulation S-P. Though the parties have now discussed the possibility of a confidentiality agreement or protective order, neither was nor is attached to the subpoena.[2] There is, again, no distinction between the information COR Clearing claims to be seeking, the identity of E-Trade customers who received the allegedly improper dividend credit, and the identity of *all* E-Trade customers who have ever come within the general vicinity of Calissio (or its successors, partners, affiliates, parents, officers, agents, employees, et al).

---

[2] The motion to compel production of confidential customer information should be denied on this ground alone. *Sabol v. Brooks*, 469 F. Supp. 2d 324, 329 (D. Md. 2006) (excusing failure to serve written objections in light of the overbreadth of an "all documents" request and denying motion to compel production of confidential customer information without a confidentiality agreement).

Request No. 1 demands "[d]ocuments sufficient to identify all individuals, businesses, and entities to which You sold or transferred any share of Calissio stock between and including June 30, 2015, and August 19, 2015." This would sweep up both sellers and buyers, whether or not they received the allegedly improper dividend credit. Request No. 3 demands "[d]ocuments sufficient to identify all of Your customers and clients who received any transfer, payment, debit, or credit relating to their ownership, possession, or control of stock issued by Calissio." This would sweep up everybody else.

In order to comply with COR Clearing's subpoena, E-Trade must provide the "full name, present resident address and telephone number, present business affiliation, business address, business title, and telephone number," (Subpoena at Section 1, ¶ 12), of all of the following, among others: E-Trade customers who bought Calissio stock years ago, never sold it, and properly received a dividend; E-Trade customers who bought Calissio stock years ago, received a dividend unrelated to the underlying litigation, and sold their Calissio stock prior to the period at issue in the litigation; E-Trade customers who bought Calissio stock years ago and sold it prior to the period at issue in the litigation; and E-Trade customers who sold their Calissio stock during the period at issue in the litigation and were subsequently *debited*, and are therefore alleged victims.

The confidential customer information COR Clearing is seeking, as well as posing issues of its own, compounds the overbreadth issue. These customers are third-parties to a non-party subpoena, entitled to privacy under the federal rules, *See Hardie v. Nat'l Collegiate Athletic Ass'n*, No. 2013 WL 6121885 at *3 (S.D. Cal. 2013), their agreements with E-Trade, and Regulation S-P. COR Clearing's subpoena would require production of their addresses and employers' names if they *ever* bought or sold shares in Calissio.

There is simply no question that COR Clearing's subpoena is "overbroad on its face." It requires production of a vast amount of information, much of it privileged or confidential, that is irrelevant to the underlying litigation.

### III.   CONCLUSION

E-Trade is a non-party acting in good faith, its counsel has been in communication with COR Clearing's counsel regarding the legal basis for these objections, and it has shown that "the subpoena is overbroad on its face and exceeds the bounds of fair discovery." E-Trade's objections to the subpoena should be allowed. Furthermore, the motion to compel should be denied and the subpoena quashed.

Faced with nearly identical issues, the court in *Concord Boat* declined to modify the subpoena and instead quashed it in its entirety because "[a]s previously stated, virtually half of the twenty-two requests for documents in the Brunswick Subpoena are vague, inexplicit, and overbroad." *Concord Boat Corp*, 169 F.R.D. at 53-54 (S.D.N.Y. 1996). Every one of COR Clearing's requests for documents is vague, inexplicit, and overbroad, requiring production well beyond what is discoverable under Rules 45 and 26.

Dated: February 8, 2016                             Respectfully submitted,

                                                **LAX & NEVILLE LLP**

By:   */s/ Brian J. Neville*
      Brian J. Neville, Esq. (034571993)
      Lax & Neville LLP
      1450 Broadway, 35th Floor
      New York, NY
      Tel: (212) 696 1999
      bneville@laxneville.com