

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
DAVID J. LEE

OF COUNSEL
ROBERT J. MOSES

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

April 20, 2016

**VIA E-MAIL**

Hon. James B. Clark, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** *Core Clearing, LLC v. E-Trade Clearing LLC:* **2:15-cv-8980-JMV-JBC C1210**

Dear Judge Clark:

Pursuant to the Court's April 6, 2016 Order, Respondent E-Trade Clearing, LLC ("E-Trade"), submits this supplemental letter in response to Applicant COR Clearing LLC's ("COR") April 11 supplemental letter in support of its motion to compel.

First, E-Trade would agree to the designation of its production, if any, as "highly confidential" under the protective order entered by the Nebraska court. The parties do not disagree as to the sensitive nature of the information sought or E-Trade's obligation, in particular, to protect its customers' personally identifying information ("PII") and confidential financial records from third parties. Where the parties differ is over E-Trade's obligation to protect its customers' PII and confidential financial records from *COR*. COR is demanding an overbroad production of customers' private information, the majority of which is irrelevant to the Nebraska litigation for the reasons set forth in E-Trade's briefing. The protective order is obviously no comfort here.

Second, COR has repeated this assertion of what other parties have done in response to other subpoenas, without evidence,[1] in its briefs, in the status conference with the Court and now again in its supplemental letter. What other parties may or may not have done in response to a subpoena that may or may not be identical to this one is immaterial to whether E-Trade should be compelled by this Court to produce customer PII and confidential financial records, internal communications, and communications with regulators and third-parties. That question is governed, as it always is, by FED. R. CIV. P. 45 and 26. COR must demonstrate that its production requests are relevant to the underlying dispute, that they are reasonable, and that they are not overbroad. *See Chazanow v. Sussex Bank*, 2014 WL 2965697 at *3 (D.N.J. 2014).

---

[1] Counsel is aware of at least one non-party clearing firm, TD Ameritrade, that is resisting a COR Clearing subpoena on the same grounds as Respondent here. Given regulatory issues, it would be very surprising if any firm had simply complied with the subpoena in this case.



Rule 26 marks off the boundaries of discovery:

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(a)(1). COR's subpoena is well beyond what is allowable under the rule. Much of what COR seeks is obviously irrelevant to the Nebraska litigation and none of it is important "in resolving the issues." To the extent that there is customer information belonging to any defendant or communications from any defendant that may arguably be relevant, COR should seek it from that defendant in Nebraska. If it is not forthcoming, COR should make a narrow request, properly tailored to catch only what is relevant and only from the defendants.

Furthermore, as COR has demanded the production by a nonparty of third-party confidential information, including financial records, it must demonstrate that its interest in obtaining that information outweighs the interests of both E-Trade and E-Trade's customers in protecting it. *See Slate v. Am. Broad. Companies, Inc.*, 802 F. Supp. 2d 22, 26-27 (D.D.C. 2011), *aff'd,* 584 F. App'x 2 (D.C. Cir. 2014) (limiting production under a Rule 45 subpoena on the ground that "a large number of the files contain confidential and personal information of unrepresented non-parties, who were never subpoenaed, would be unaware of the production of information related to them, and would have no practical ability to assert their interests.").

COR is not seeking the PII and financial records of defendants in the Nebraska litigation. It is seeking the PII and financial records of *anyone* who has owned Calissio stock. Even if COR could overcome the relevance and overbreadth defects in its subpoena, it is seeking highly sensitive information from a nonparty that in fact belongs to third parties with no connection to the Nebraska litigation. These third parties have had and will have no opportunity to protect their privacy right or even to receive notice that it is to be invaded.

Third, COR argues that E-Trade's internal communications, customer communications, communications with regulators, and communications with identified and unidentified third-parties meet the relevance requirement on that grounds that: "Why E-Trade made the decision to provide those funds to its customers, the facts on which the decision was based, and the communications from DTCC and/or its customers which impacted E-Trade's release of $1.2 million, are all highly relevant to COR Clearing's claims."

COR does not explain how these communications concerning an internal E-Trade decision are "highly relevant" to its claims against the Nebraska defendants, nor is it apparent from the pleadings. The question in that case is whether the dividend was fraudulent. E-Trade's communications, sent and received after the dividend was issued, are obviously irrelevant to that



question, and COR makes no effort to establish otherwise. Instead, COR refers darkly, here and in its briefing, to E-Trade's alleged, and allegedly "inexplicable," decision to release customer funds after they were frozen *for at least three months* without a court order. This may say something about COR's inexplicable negligence in responding to the alleged fraud, but it says nothing about the fraud itself.

COR's claims against the Nebraska defendants will not be materially helped or harmed by these communications, as the Nebraska defendants are not responsible for E-Trade's decision and E-Trade's decision has no bearing on any of the elements of COR's claims. At most, COR might seek communications with the defendants, if any, but Rule 26(b)(2) requires COR to seek them from the defendants. Regardless, even those communications, if any, do not appear to have probative value. If the Nebraska defendants believed they were legally entitled to the dividend, they had every right to send E-Trade communications about their money. As to *whether* they believed this or not, the communications themselves are useless. Beyond that, any other communications, including with regulators, cannot possibly be relevant to the Nebraska litigation.

COR has not met the relevance standard for non-party discovery under Rule 45, which is higher than for party discovery under Rule 26: "Initially, it should be noted that the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990). What is more, however, is that COR may simply misunderstand the standard. Rule 45 looks to the requested production's relevance to the underlying litigation, in this case the claims against the Nebraska defendants. COR appears to be seeking evidence it believes would be relevant to claims against *E-Trade*. COR has not filed suit against E-Trade and the use of Rule 45 simply to obtain pre-litigation discovery fails *per se* to meet the relevance requirement.

Finally, COR has asked the Court to compel production within ten (10) days of any order. This deadline is an unreasonably short time-frame for a broad production like this one, particularly because, if the motion is granted, such a production would require a search of E-Trade's communications across multiple divisions, many of which may be privileged.

COR's first requested relief, compelling production of customer PII and confidential financial information, is overbroad, requires production of protected and privileged information, and requires production of confidential commercial information. COR's second through fourth requested relief, compelling production of "all communications" with customers, regulators and other third parties, as well as internal communications, is overbroad, irrelevant, and requires production of protected and privileged information. The motion should be denied.

Respectfully submitted,

*/s/ Brian J. Neville*
Brian J. Neville, Esq.

cc:     All counsel of record via ECF.